Dorothy M. Weber, Esq. (DW 4734)
Kyle D.N. Fogden, Esq. (KF 3043)
SHUKAT ARROW HAFER WEBER
  & HERBSMAN, L.L.P.
111 West 57th Street, Suite 1120
New York, NY 10019
Attorneys for Defendants YOGI OF NORFOLK,
INC. and PIYUSH PATEL.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------

| | | |
|---|---|---|
| DAYS INNS WORLDWIDE, INC., a Delaware Corporation | : | 07-CV-1200 (DAB) |
| Plaintiff, | : | |
| -against- | : | **ANSWER** |
| YOGI OF NORFOLK, INC., a Nebraska Corporation; and PIYUSH PATEL, an individual | : | |
| | : | |
| Defendants. | : | |

-----------------------------------------------------------------

Defendants, YOGI OF NORFOLK, INC. and PIYUSH PATEL (hereinafter, "Defendants"), by their attorneys, Shukat Arrow Hafer Weber & Herbsman, LLP, hereby answer the Complaint of DAYS INNS WORLDWIDE, INC. (hereinafter, "Plaintiff") dated February 1, 2007 as follows:

## THE PARTIES

1.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint.

2.    Defendants admit that Defendant Yogi of Norfolk, Inc. (hereinafter, "Yogi") was a corporation organized under the laws of the State of Nebraska but deny that Yogi is a corporation existing under the laws of the State of Nebraska.

3. Defendants deny that Defendant Piyush Patel ("Patel") is a principal of Yogi but admit that Patel is a citizen of the State of Wyoming residing at the address set forth in paragraph 3 of the Complaint.

4. Defendants admit only the existence of the License Agreement and the assignment of the License Agreement from Patel to Yogi. The other averments contained in this paragraph constitute conclusions of law to which no response is required.

5. Defendants admit only the existence of the Guaranty. The other averments contained in this paragraph constitute conclusions of law to which no response is required.

6. The averments contained in this paragraph constitute conclusions of law to which no response is required.

## ALLEGATIONS COMMON TO ALL COUNTS

7. Defendants admit that Plaintiff and Patel entered into the License Agreement and the address of the Facility. Defendants deny that the License Agreement was for the operation of a 61-room guest lodging facility.

8. Defendants admit that Yogi and Patel entered into the Assignment Agreement. The other averments contained in this paragraph constitute conclusions of law to which no response is required.

9. The averments contained in this paragraph constitute conclusions of law to which no response is required.

10.    The averments contained in this paragraph constitute conclusions of law to which no response is required.

11.    The averments contained in this paragraph constitute conclusions of law to which no response is required.

12.    The averments contained in this paragraph constitute conclusions of law to which no response is required.

13.    The averments contained in this paragraph constitute conclusions of law to which no response is required.

14.    The averments contained in this paragraph constitute conclusions of law to which no response is required.

15.    The averments contained in this paragraph constitute conclusions of law to which no response is required.

16.    Defendants admit only the existence of the Guaranty. The other averments contained in this paragraph constitute conclusions of law to which no response is required.

17.    The averments contained in this paragraph constitute conclusions of law to which no response is required.

18.    Defendants admit the existence of the Satellite Agreement.

19.    The averments contained in this paragraph constitute conclusions of law to which no response is required.

20.    Defendants deny the allegations contained in paragraph 20 of the Complaint.

21.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint.

22.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint.

23.     Defendants admit only that Yogi received the letter referred to in paragraph 23 of the Complaint. Defendants deny that Plaintiff is entitled to the amounts set forth in the letter and in paragraph 23.

<u>FIRST COUNT</u>

24.     Defendants incorporate by reference the responses to paragraphs 1 through 23 inclusive, of this Answer, as if the same were set forth at length herein.

25.     The averments contained in this paragraph constitute conclusions of law to which no response is required.

26.     The averments contained in this paragraph constitute conclusions of law to which no response is required.

27.     The averments contained in this paragraph constitute conclusions of law to which no response is required.

28.     Defendants deny the allegations contained in paragraph 28 of the Complaint.

29.     The averments contained in this paragraph constitute conclusions of law to which no response is required.

30.     Defendants admit that Yogi has not paid to Plaintiff the amounts described in paragraph 30 of the Complaint. Defendants deny that Plaintiff is entitled to the amounts described in paragraph 30.

31.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Complaint.

## SECOND COUNT

32.     Defendants incorporate by reference the responses to paragraphs 1 through 31 inclusive, of this Answer, as if the same were set forth at length herein.

33.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the Complaint.

34.     Defendants deny the allegations contained in paragraph 34 of the Complaint.

35.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Complaint.

## THIRD COUNT

36.     Defendants incorporate by reference the responses to paragraphs 1 through 35 inclusive, of this Answer, as if the same were set forth at length herein.

37.     The averments contained in this paragraph constitute conclusions of law to which no response is required.

38.     Defendants admit that Patel has not paid the amounts or caused Yogi to perform the obligations described in paragraph 38 of the Complaint. Defendants

deny that Patel is obligated to pay the amounts or to cause Yogi to perform the obligations described in paragraph 38.

39.     Defendants deny the allegations contained in paragraph 39 of the Complaint.

<u>**FIRST AFFIRMATIVE DEFENSE**</u>

The Second Count fails to state a cause of action because Plaintiff's sole remedy as provided for in the License Agreement is liquidated damages.

**WHEREFORE**, Defendants pray for relief as follows:

a.     That Plaintiff's Complaint in this action be dismissed in its entirety with prejudice; and

b.     For such other and further relief as the Court deems just and proper.

Dated:     New York, New York
           June 8, 2007

SHUKAT ARROW HAFER WEBER
& HERBSMAN, LLP

By: _____
Kyle D.N. Pogden, Esq. (KF 3043)
Dorothy M. Weber, Esq. (DW 4734)
111 West 57th Street, Suite 1120
New York, New York  10019
212-245-4580